UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 10 2020

David J. Bradley, Clerk of Court

LUCAS R., *et al.*,

    Plaintiffs,

v.

ROCIO A. LAWRENCE, *et al.*,

    Defendants,

CIVIL ACTION NO.
_____

[Proposed Order Filed Concurrently Herewith]

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Summer J. Wynn*
(swynn@cooley.com)
(Cal. Bar No. 240005)
Rebecca L. Tarneja*
(rtarneja@cooley.com)
(Cal. Bar No. 293461)
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:   (310) 883-6400
Facsimile:   (310) 883-6500

Crystal Adams*
(cadams@youthlaw.org)
(Cal. Bar No. 308638)
NATIONAL CENTER FOR
YOUTH LAW
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone:   (202) 868-4785

*Pro hac vice* pending

*Attorneys for Plaintiffs*



TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW plaintiffs Lucas R., *et al.* ("Plaintiffs") and moves the Court for an order granting Plaintiffs' Motion to Compel pursuant to Rule 37(a) and 37(a)(2)(B) of the Federal Rules of Civil Procedure, and would respectfully show as follows.

## **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY**

Plaintiffs submit this Memorandum of Law in Support of their Motion to Compel Discovery. For the reasons below, Plaintiffs seek an order compelling the production of documents and the remote oral deposition testimony of two third-party fact witnesses: Shiloh Residential Treatment Center ("Shiloh RTC") employees Ms. Rocio A. Lawrence and Dr. Javier Ruiz (collectively, the "Shiloh RTC Witnesses").[1]

## **PRELIMINARY STATEMENT**

Plaintiffs are Class Representatives of five certified nationwide Classes of unaccompanied minor children pursuing claims against the federal government regarding due process violations committed by the Office of Refugee Resettlement ("ORR"), in the matter of *Lucas R. v. Azar*, No. 2:18-CV-05741 DMG PLA (C.D. Cal.) (the "*Lucas R.* litigation"). The Shiloh RTC, which is located in Manvel, Texas, is one of the facilities at issue in the *Lucas R.* litigation, where several Named Plaintiffs and Class Members have been detained by ORR and denied the basic protections of due process.

For more than six months, Plaintiffs have worked diligently and in good faith to obtain third-party deposition and document discovery from two Shiloh RTC employees: (1) Ms. Rocio A. Lawrence, Lead Case Manager; and (2) Dr. Javier Ruiz, Psychiatrist. Plaintiffs have properly

---

[1] The depositions were to occur in Houston, Texas. As such, the Houston Division of this Court is where compliance is required pursuant to Federal Rule of Civil Procedure 45.

1

served multiple subpoenas and engaged in extensive efforts to communicate with counsel representing these two Shiloh RTC Witnesses. Despite such efforts and Plaintiffs' willingness to accommodate their schedules, the Shiloh RTC Witnesses and their counsel have outright ignored Plaintiffs' requests to meet and confer pursuant to Federal Rule of Civil Procedure 37(a)(1) and Southern District of Texas LR 7.1(D), and failed to respond or object to the subpoenas. Accordingly, Plaintiffs were left with no option but to seek assistance from this Court.

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs respectfully request that this Court order (1) the appearances of Ms. Lawrence and Dr. Ruiz for deposition, and (2) the production of documents responsive to Plaintiffs' subpoenas.

## STATEMENT OF FACTS

In 2018, Plaintiffs filed the first amended complaint in the *Lucas R.* litigation. *See* Exhibit A to the Declaration of Rebecca L. Tarneja ("Tarneja Decl.") (First Amended Complaint for Injunctive Relief, Declaratory Relief, and Nominal Damages, *Lucas R. v. Azar*, No. 2:18-CV-05741 DMG PLA (C.D. Cal. Sept. 7, 2018), ECF No. 81 [the "FAC"]). The *Lucas R.* court has subject matter jurisdiction over the claims alleged in the FAC pursuant to 28 U.S.C. sections 1331, 2201, 2202, and 2241. *See id.* at ¶ 6. The FAC alleges numerous statutory and Constitutional violations with respect to ORR's detention and custody of unaccompanied minors. *See id.* at ¶¶ 31–57.

After the district court granted Plaintiffs' motion for class certification and denied Defendants' motion to dismiss,[2] the parties commenced fact discovery. The *Lucas R.* litigation is currently scheduled to go to trial on January 19, 2021.

---

[2] *See* Exhibit B to Tarneja Decl. at 27–28 (Amended Order Re Defendants' Motion to Dismiss [101] and Plaintiffs' Motion for Class Certification [97], *Lucas R. v. Azar*, No. 2:18-CV-05741 DMG PLA (C.D. Cal. Dec. 27, 2018), ECF No. 141).

The Shiloh RTC, which is located in Manvel, Texas, is one of the facilities that ORR contracts with to detain and care for unaccompanied minor Class Members while they are in ORR custody. *See id.* at ¶ 8. In fact, several of the Named Plaintiffs were detained by ORR at the Shiloh RTC, and the FAC asserts numerous allegations about their time at Shiloh RTC, including regarding Dr. Ruiz's unwanted prescription of psychotropic medications. *See* Exhibit A to Tarneja Decl. at ¶¶ 10, 15, 16, 31-35, 40-42, 64-69, 81-84, 90-95, 142. To obtain information relevant to Plaintiffs' claims about their treatment and the treatment of Class Members at the Shiloh RTC, Plaintiffs are seeking deposition testimony and documents from two Shiloh RTC employees: Ms. Rocio A. Lawrence, Lead Case Manager; and Dr. Javier Ruiz, Psychiatrist. Tarneja Decl. ¶ 4.

Plaintiffs first requested mutually agreeable dates for these depositions in late January 2020. *See* Tarneja Decl. ¶ 5. On February 18, 2020, Plaintiffs' counsel contacted Shiloh RTC Program Director, Mr. Douglas Plaeger, to again request mutually agreeable dates for the depositions of Ms. Lawrence and Dr. Ruiz. *Id.* ¶ 6.

On February 24, 2020, Monica Vaughan, counsel at Tribble Ross, informed Plaintiffs' counsel that she had "been retained to represent Shiloh Treatment Center and its employees and agents in regard to the [requested] depositions." *Id.* ¶ 7. Ms. Vaughan asked for more information regarding the requested depositions and counsel spoke by phone on February 26, 2020 to discuss deposition scheduling. *Id.* During this discussion, Plaintiffs' counsel also provided background information about the litigation and the testimony and documents sought, and answered Ms. Vaughan's questions about the subpoenas. *Id.* On February 28, 2020, Plaintiffs' counsel sent Ms. Vaughan pertinent materials from the *Lucas R.* litigation, as well as the document requests that Plaintiffs would include in the subpoenas, which would be served once logistics were finalized. *Id.* Plaintiffs' counsel requested that Ms. Vaughan provide dates on which the witnesses were

available for deposition, and offered to accommodate the witnesses' schedules. *Id.*

On March 6, 2020, Ms. Vaughan informed Plaintiffs' counsel via email that Ms. Lawrence was available for deposition on March 23, 2020 and requested that Plaintiffs' counsel hold March 26, 2020 as the likely date for the deposition of Dr. Ruiz. Tarneja Decl. ¶ 8. In a later email that same day, Ms. Vaughan agreed to receive email service of the notice and subpoena for Ms. Lawrence. *Id.* ¶ 9. On March 6, 2020, Plaintiffs' counsel noticed Ms. Lawrence's deposition for March 23, 2020 and served the notice and subpoena to Ms. Vaughan via email, copying Defendants' counsel. *Id.* ¶ 10.

Plaintiffs' counsel then made continuous efforts to confirm the March 26, 2020 deposition of Dr. Ruiz, including following up with Ms. Vaughan on March 10 and March 16. *Id.* ¶¶ 10-11. Ms. Vaughan responded on March 10 that she "expect[ed] to know tomorrow"; but refused to confirm Dr. Ruiz's availability for deposition. *Id.* ¶ 11.

Due to concerns related to the COVID-19 pandemic, however, Plaintiffs' counsel and Ms. Vaughan ultimately agreed to postpone both depositions. *Id.* ¶ 12.

On May 20, 2020, following Plaintiffs' counsel's attempts to contact Ms. Vaughan by email, the parties met and conferred by phone. Tarneja Decl. ¶ 13. During that conversation, Ms. Vaughan requested that Plaintiffs' counsel hold June 10 and June 11 as likely dates for remote depositions of Dr. Ruiz and Ms. Lawrence, respectively. *Id.* That same day, shortly after the completion of the phone call, Plaintiffs' counsel emailed Ms. Vaughan to confirm that Plaintiffs' counsel would hold those dates and Plaintiffs' counsel requested that, in the event that the witnesses were unavailable on those dates, Ms. Vaughan inform Plaintiffs' counsel of other available dates in May and June 2020. *Id.* On May 27, 2020 and June 1, 2020, Plaintiffs' counsel emailed Ms. Vaughan to confirm whether Plaintiffs' counsel could notice the depositions for June

10 and June 11. *Id.* ¶ 14. On June 1, 2020, Ms. Vaughan emailed Plaintiffs' counsel, stating that while she did "not have confirmation of the dates yet," she was "still holding the dates and will let you know as soon as I hear back." *Id.* ¶ 15. Ms. Vaughan stated in a second June 1, 2020 email that she should be able to confirm the June 10 and 11 dates by June 3, and that if she was unable to confirm the June 10 and 11 dates she would provide Plaintiffs' counsel alternate June 2020 dates for the depositions. *Id.* ¶ 16. Then, on June 4, 2020, Ms. Vaughan informed Plaintiffs' counsel via email that she was "not able to confirm the depositions of Dr. Ruiz and Ms. Lawrence for June 10th and June 11th." *Id.* ¶ 17. Despite her commitment to provide new dates in June, Ms. Vaughan asked Plaintiffs' counsel to provide new proposed dates. *Id.*

On June 5, 2020, Plaintiffs' counsel provided Ms. Vaughan numerous additional dates for the remote depositions in June 2020 and asked Ms. Vaughan to provide the witnesses' earliest availability. *Id.* ¶ 18. Plaintiffs' counsel also requested the witnesses "produce all responsive documents at least two weeks in advance of their depositions (or earlier)." *Id.* Ms. Vaughan did not respond to Plaintiffs' counsel's June 5, 2020 email. *Id.*

On numerous occasions since June 5, 2020, including an email on June 12, 2020 and a phone call and an email on June 18, 2020, Plaintiffs' counsel has endeavored to schedule these depositions and seek the production of documents pursuant to subpoena but Ms. Vaughan simply did not respond. *Id.* ¶ 19.

On June 23, 2020, after multiple attempts to reach Ms. Vaughan, Plaintiffs' counsel emailed Ms. Vaughan, stating:

> Since you have not given a single date for the Dr. Ruiz and Ms. Lawrence depositions since I reached back out on May 12, we will need to proceed with moving to compel and requesting costs, fees, and all other appropriate sanctions. Please provide times this week for a meet and confer call, as required by FRCP 37 and Southern District of Texas LR 7.1(D). Alternatively, if you would like to save

5

> the time and expense of unnecessary motion practice, we will need deposition dates by this Friday, June 26.

Exhibit Y to Tarneja Decl. As of the filing of this motion, Ms. Vaughan has failed to reply to Plaintiffs' counsel's request to meet and confer about Plaintiffs' motion to compel discovery. Tarneja Decl. ¶ 21.

After receiving no response to Plaintiffs' June 5, 2020 communication and after hearing nothing from counsel for Ms. Lawrence and Dr. Ruiz regarding efforts to meet and confer, on June 25, 2020, Plaintiffs' counsel served subpoenas for remote depositions for Ms. Lawrence on August 3, 2020 and for Dr. Ruiz's on August 6, 2020. *Id.* ¶ 22. Plaintiffs' counsel also emailed the notices and subpoenas to counsel for the *Lucas R.* defendants. *Id.* The subpoenas contained the same documents requests as before, and which counsel sent to Ms. Vaughan as early as February 28, 2020. *Id.* ¶ 7. As with the original subpoena, Plaintiffs served the notices and subpoenas to Ms. Vaughan via email. *Id.* Plaintiffs received no communication between June 5 and July 30, 2020 from counsel for Ms. Lawrence and Dr. Ruiz. *Id.* ¶ 25.

On July 9, the deadlines to object to the document requests in the subpoena passed. *Id.* ¶ 23. On July 10, Plaintiffs' counsel emailed Ms. Vaughan noting that the time to object to the deposition subpoenas had passed, and that they were pleased the depositions would go forward as noticed. *Id.* As such, Plaintiffs' counsel provided Ms. Vaughan with comprehensive details for the logistics of the remote depositions. *Id.* Plaintiffs' counsel also requested that Ms. Vaughan confirm that the witnesses would produce documents at least two weeks in advance, including because, although the previous dates for the depositions (March 23 and 26) were moved due to COVID-19, this did not absolve the witnesses from producing documents by those dates. *Id.* Plaintiffs' counsel stated that they were "pleased that the witnesses will now comply with the subpoenas and that we have avoided the need to involve the Court. If for any reason we have misunderstood the witnesses'

intent, please let us know immediately." *Id.* Again, Ms. Vaughan did not respond.

On July 28, four business days before the August 3 deposition, having heard nothing from Ms. Vaughan since June 4, Plaintiffs' counsel again emailed Ms. Vaughan to confirm whether the depositions were going forward, and stating that, if not, Plaintiffs would need to move to compel. *Id.* ¶ 24. Ms. Vaughan again failed to respond at all, let alone commit to producing witnesses or documents on August 3 or August 6. *Id.*

Ms. Vaughan finally emailed Plaintiffs' counsel on July 31, 2020, the Friday before the August 3 (Monday) deposition date, stating for the first time that Ms. Lawrence was not available to appear on August 3, 2020 for her noticed deposition, and that Ms. Lawrence is available for deposition on two other dates in August 2020. *Id.* ¶ 25. However, Ms. Vaughan did not commit to producing Dr. Ruiz on August 6, 2020 for his noticed deposition, nor did counsel commit to producing the subpoenaed documents. *Id.*

Plaintiffs' counsel responded the same day, stating: "we did not hear from you by the time requested, and this fails to provide a date for Dr. Ruiz. As such, we are proceeding with a motion to compel." Tarneja Decl. ¶ 26, Exhibit EE. Plaintiffs' counsel also stated that August 17 would work for the deposition of Ms. Lawrence, and counsel would serve another notice and subpoena if Ms. Vaughan and the witness committed to the date. *Id.* at Exhibit EE. As of the filing of this Motion, Ms. Vaughan has not replied.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure permit broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation"); *Enron*

7

*Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) (relevancy should be broadly construed in discovery).

If a person has been served and "fails without adequate excuse to obey the subpoena or an order related to it," then "[t]he court for the district where compliance is required . . . may hold" that person in contempt. Fed. R. Civ. P. 45(g); *see also In re Rosenthal*, Civ. A. No. H-04-186, 2008 WL 983702, at *8 (S.D. Tex. Mar. 28, 2008) ("[I]f a person disregards a subpoena and fails to comply without filing timely objections, the person may be found in contempt of court regardless of whether a court order is in effect.").

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs respectfully request that the Court issue an order compelling the production of documents and the remote oral deposition testimony of Ms. Lawrence and Dr. Ruiz because these documents and deposition testimony are relevant to Plaintiffs' claims. Counsel for Ms. Lawrence and Dr. Ruiz has failed to meet and confer with Plaintiffs' counsel regarding this motion, despite Plaintiffs' repeated requests, Tarneja Decl. ¶ 21; and Ms. Lawrence and Dr. Ruiz failed to object to the subpoenas that Plaintiffs issued on June 25, 2020 or agree to dates for the depositions Plaintiffs first requested more than 6 months ago. *Id.* ¶ 25.

Plaintiffs' counsel is not aware of any reason why Ms. Lawrence and Dr. Ruiz are unable to provide remote oral deposition testimony and produce documents pursuant to Plaintiffs' subpoenas, and Ms. Vaughan has provided none. To the contrary, Ms. Vaughan has strung Plaintiffs along with months of "scheduling" discussions, **without once objecting to either the depositions or document requests, or providing any reason why the witnesses could not comply.** Plaintiffs have made every effort to accommodate the witnesses' schedules, but because

there was no communication from the witnesses' counsel between June 5 and July 30, and because there is still no firm commitment to produce these witnesses or their documents, Plaintiffs have been left with no option but to seek an order compelling this basic discovery.[3]

The documents and deposition testimony that Plaintiffs seek are indisputably relevant to Plaintiffs' claims, particularly because the requests are tailored to the treatment of *Lucas R.* Class Members in ORR custody at the Shiloh RTC and the deposition testimony sought is from current Shiloh RTC employees. The subpoena of Ms. Lawrence requests testimony and the following documents:

1. Documents, including case files and progress notes, relating to the role of the case managers of class members residing at Shiloh from January 1, 2017 to the present.
2. Documents, including significant incident reports and recommendations from psychologists and psychiatrists, relating to the denial of step down of class members residing at Shiloh from January 1, 2017 to the present.
3. Documents, including significant incident reports and recommendations from psychologists and psychiatrists, relating to the approval of step down of class members residing at Shiloh from January 1, 2017 to the present.
4. Documents, including home studies and recommendations from psychologists and psychiatrists, relating to the denial of release to the proposed custodian(s) of class members residing at Shiloh from January 1, 2017 to the present.
5. Documents, including home studies and recommendations from psychologists and psychiatrists, relating to the approval of release to the proposed custodian(s) of class members residing at Shiloh from January 1, 2017 to the present.
6. Documents showing that case managers and other staff employed at Shiloh made prompt and continuous efforts toward family reunification for the class members at Shiloh from January 1, 2017 to present.
7. Communications between ORR personnel, on the one hand, and case managers and other staff employed at Shiloh, on the other hand, relating to step up or step down, reunification, or release of class members from ORR custody from January 1, 2017 to the present.
8. Documents, including case files and staff communications, relating to the rejection of placement of class members at Shiloh from January 1, 2017 to the present.

Exhibits I, AA to Tarneja Decl.

---

[3] Because remote depositions require the witnesses' email addresses in advance, Ms. Vaughan's failure to provide that information is tantamount to a non-appearance at an in-person deposition.

The subpoena of Dr. Ruiz requests testimony and the following documents:

1. Documents relating to Shiloh's policies and practices that relate to the screening, assessment, and placement of; tracking and ongoing monitoring of; evaluation and treatment of; and accommodations for class members with behavioral, mental health, intellectual, and/or developmental disabilities, and/or behaviors suggesting mental health needs at Shiloh from January 1, 2017 to the present.
2. Documents relating to the availability and provision of medical and mental health case and support to class members residing at Shiloh from January 1, 2017 to the present.
3. Documents relating to the number of and reasons for hospitalizations of class members residing at Shiloh from January 1, 2017 to the present.
4. Documents relating to Shiloh's policies and practices that related to the prescription and administration of psychotropic medications to class members at Shiloh from January 1, 2017 to the present, including refusal of class members to take psychotropic medications; informed consent and informed assent for such medications; and monitoring review, and oversight of such medications.
5. Documents relating to the frequency of and reasons for the prescription and administration of psychotropic medications to class members at Shiloh from January 1, 2017 to the present, including refusal of class members to take psychotropic medications; informed consent and informed assent for such medications; and monitoring review, and oversight of such medications.
6. Communications between ORR personnel, on the one hand, and psychiatrists, clinicians, and other staff employed at Shiloh, on the other hand, relating to step up or step down, reunification, or release of class members from ORR custody.
7. Documents, including case files and staff communications, relating to the rejection of placement of class members at Shiloh from January 1, 2017 to the present.

Exhibit Z to Tarneja Decl.

The documents and testimony that Plaintiffs seek relate to the due process claims Plaintiffs pled in their FAC, and certified by the district court for Classwide resolution on December 27, 2020. For example, five of the six named plaintiffs were placed at Shiloh RTC while they were in ORR custody. Exhibit A to Tarneja Decl. at ¶¶ 10, 15, 16, 31-35, 40-42, 64-69, 81-84, 90-95, 142.

**Not once have the witnesses or their counsel disputed that Plaintiffs are entitled to seek the subpoenaed testimony and documents of Ms. Lawrence and Dr. Ruiz**, two current Shiloh RTC employees. Nor can they, as these employees indubitably have discoverable information about all five of Plaintiffs' claims, including but not limited to, the treatment of Class

Members at Shiloh RTC and the policies and procedures at Shiloh RTC regarding step-up, step-down, the administration of psychotropic medication, and the treatment of children with behavioral, mental health, intellectual, and/or developmental disabilities. *Id.* at ¶¶ 33–51. The FAC raises a number of allegations, including Defendants' failures to provide sufficient procedural protections throughout the reunification process, the step-up process, the process through which Class Members are administered psychotropic medications, and the treatment of children with behavioral, mental health, intellectual, and/or developmental disabilities. *Id.* These witnesses likely have information relevant to Plaintiffs' claims with respect to Shiloh RTC's treatment of Class Members, and neither the witnesses nor their counsel have ever objected to Plaintiffs' subpoenas for deposition testimony or documents.

Moreover, the documents that Plaintiffs seek relate to specific terms the district court used to define the five classes in the *Lucas R.* litigation:

> The Court certifies five classes that are comprised of all minors in ORR custody . . . :
>
> a. who are or will be placed in a secure facility, medium-secure facility or RTC, or whom ORR has continued to detain in any such facility for more than 30 days, without being afforded notice and an opportunity to be heard before a neutral and detached decisionmaker regarding the grounds for such placement (*i.e.*, the "step-up class");
> b. whom ORR is refusing or will refuse to release to parents or other available custodians within 30 days of the proposed custodian's submission of a complete family reunification packet on the ground that the proposed custodian is or may be unfit (i.e., the "unfit custodian class");
> c. who are or will be prescribed or administered one or more psychotropic medications without procedural safeguards;
> d. who are natives of non-contiguous countries and to whom ORR is impeding or will impede legal assistance in legal matters or proceedings involving their custody, placement, release, and/or administration of psychotropic drugs (i.e., the "legal representation class"); and
> e. who have or will have a behavioral, mental health, intellectual, and/or developmental disability as defined in 29 U.S.C. section 705, and who are or will be placed in a secure facility, medium-secure facility, or RTC solely by reason of such disabilities (i.e., the "disability class").

Exhibit B to Tarneja Decl. (ECF No. 141) at 27–28.

There is no question that the documents and deposition testimony sought in Plaintiffs' June 25, 2020 subpoenas relate to Plaintiffs' claims in the *Lucas R.* litigation, as Ms. Lawrence and Dr. Ruiz have conceded. The failure of Ms. Lawrence and Dr. Ruiz to object to Plaintiffs' subpoenas underscores that Plaintiffs are clearly entitled to pursue this fact discovery.[4] *See* Fed. R. Civ. P. 26(b)(1).

Ms. Lawrence and Dr. Ruiz had until July 9, 2020 to object to the document requests in the subpoenas—document requests they have had in their possession since February 28, 2020, when Plaintiffs emailed Ms. Vaughan the requests as a professional courtesy, so that document collection could commence while the deposition dates were determined. Tarneja Decl. ¶¶ 7, 23, Ex. F; *see* Fed. R. Civ. P. 45(d)(2)(B) (requiring objection to subpoena for documents to be served the **earlier of** the time specified for compliance or 14 days after the subpoena is served); *MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. 2018) (motion to quash must be "'timely,' ordinarily meaning filed before the date set in the subpoena for compliance."). Ms. Lawrence and Dr. Ruiz did not object by July 9, 2020, as required. Tarneja Decl. ¶ 23; *see* Fed. R. Civ. P. 45(d)(2)(B). They therefore have waived any objection to the document requests. *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009) ("'The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections.'"); *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 448 (N.D. Tex. Apr. 13, 2015) (same).

---

[4] Nor can Plaintiffs obtain this information from the defendants in the *Lucas R.* litigation. The defendants have taken the position that contracted facilities' information is not within their possession, custody, or control, and must be obtained from the facilities themselves. The parties, in fact, stipulated to extend the fact discovery deadline so that Plaintiffs could pursue these very depositions and documents, and defendants agreed not to object or interfere in any way. *See* Exhibit O Tarneja Decl. (Order Re Joint Stipulation to Extend Deadlines for Expert Discovery and Outstanding Fact Depositions [245], *Lucas R. v. Azar*, No. 2:18-CV-05741 DMG PLA (C.D. Cal. May 14, 2020), ECF No. 247; Order Approving Joint Stipulation and Request Regarding Non-Expert Discovery [239], *Lucas R. v. Azar*, No. 2:18-CV-05741 DMG PLA (C.D. Cal. Apr. 6, 2020), ECF No. 240.).

Ms. Lawrence and Dr. Ruiz must now produce the requested documents.[5] *See In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-MC-0073-G, 2015 WL 12916415, at *4 (Mar. 10, 2015) (compelling production of documents due to failure to object within 14 days and non-party's "failure to communicate with [subpoenaing-party] following service.").

Moreover, Ms. Lawrence and Dr. Ruiz have not objected to the depositions or moved to quash the deposition subpoenas. Tarneja Decl. ¶ 25. Instead, Ms. Vaughan has strung out a discussion about dates for the depositions for months, without once voicing any objection to the propriety or scope of the depositions. Six months of periodic silence and gamesmanship later, the time has come for Ms. Lawrence and Dr. Ruiz to appear for deposition. Plaintiffs, therefore, request that the Court order Ms. Lawrence and Dr. Ruiz to appear for depositions within two weeks of the Court's order, or earlier, and to produce documents responsive to Plaintiffs' document requests in advance of the depositions.

## CONCLUSION

For the reasons stated, Plaintiffs respectfully request that this Court issue an order compelling the production of documents as well as the remote oral deposition testimony of two Shiloh RTC employees, Ms. Rocio A. Lawrence and Dr. Javier Ruiz, pursuant to Plaintiffs' subpoenas served on June 25, 2020.

---

[5] Further, the Shiloh RTC Witnesses and their counsel's unwillingness to respond to Plaintiffs' counsel's repeated communications militates against the Court's consideration of any untimely objections. *See In re Ex Parte Application of Grupo Mexico SAB de CV*, 2015 WL 12916415, at *4 ("SAS's attempts to avoid service, along with its failure to communicate with Grupo Mexico following service, demonstrate an absence of good faith which militates against using the court's discretion to consider the untimely objections."); *Andra Grp., LP*, 312 F.R.D at 450 ("Third party status does not confer a right to obfuscation or obstinacy.").

Dated: August 7, 2020                COOLEY LLP

                                     By: _____
                                         Summer J. Wynn, attorney-in-charge
                                         *(Pro hac vice* pending*)*
                                         COOLEY LLP
                                         1333 2nd Street, Suite 400
                                         Santa Monica, CA 90401
                                         Telephone:    (310) 883-6400
                                         Facsimile:    (310) 883-6500
                                         Attorneys for Plaintiffs
                                         Email: swynn@cooley.com

14

## CERTIFICATE OF CONFERENCE

I certify that we have attempted to meet and confer with counsel for defendants, including under Federal Rule of Civil Procedure 37(a)(1) and Southern District of Texas LR 7.1(D), in a good faith effort to resolve the matters set forth herein without Court action.

Summer J. Wynn